**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

**UNITED STATES OF AMERICA** **CASE NO. 22-cr-020**

**-vs-** **JUDGE DRELL**

**ANTHONY SUBER (01)** **MAGISTRATE JUDGE PEREZ-MONTES**

---

# RULING

Before the court is Anthony Suber's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018" (Doc. 57) wherein he seeks a reduction in his sentence based upon what he deems to be an erroneous six-point sentencing enhancement, his rehabilitation, and change in § 3553(a) factors. For the following reasons, the motion is **DENIED.**

## I. BACKGROUND

On January 26, 2022, Anthony Suber ("Suber") was charged with two counts of "Causing Bodily Injury by Assaulting, Resisting, or Impeding Certain Officers or Employees" in violation of 18 U.S.C. § 111(a)(1) & (b) for biting and inflicting bodily injury upon two different correctional officers who were engaged in the performance of their official duties.[1]

On September 28, 2022, Suber entered a guilty plea to count one of the indictment. (Doc. 25). He was sentenced to serve 51 months imprisonment, and that sentence was to be served consecutively to the undischarged terms of imprisonment in Docket Number CR-2-96-0094-00 for the Southern District of Ohio and Docket Number 5:98-CR-00109-01 for the Southern District of West Virginia. (Doc. 38).

---

[1] Each count pertained to a different corrections officer.

On February 10, 2023, Suber appealed his sentence challenging the six-level sentencing enhancement provided for in U.S. Sentencing Guideline § 3A1.2(c)(2) for assaulting a prison official while in custody. Like the instant motion, he alleged it was improperly applied because he was unable to see from the pepper spray used to subdue him; thus, he didn't know it was a correctional officer he was assaulting. The Fifth Circuit found the enhancement was warranted and affirmed Suber's sentence. (Doc. 51).

On March 4, 2024, Suber received a reduction in sentence as a result of Amendment 821, specifically the "status point" amendment, and his sentence was reduced from 51 to 46 months. (Doc. 55).

On May 5, 2025, Suber filed the instant motion for compassionate release (Doc. 57) which the Government opposed (Doc. 59). The matter is ripe for determination.

## II. LAW AND ANALYSIS

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling' reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692-693 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i). As explained recently by the Fifth Circuit:

> Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" The term "'[c]ompelling' is a participle of "compel" which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate.'" Thus prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique in the life of the prisoner.

United States v. Austin, 125 F.4th 688, 691-92 (5th Cir. 2025) (internal citations omitted).

Suber's first argument in support of his motion to compel is the same as that asserted on appeal: the court erroneously applied a six-point sentencing enhancement. This is nothing more than an attack on his sentence which cannot be raised in a compassionate release motion. It has long been held that habeas corpus is the exclusive remedy for challenging the legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). The Fifth Circuit has expressly found the habeas-channeling rule prevents a prisoner from using compassionate release "to challenge the legality or the duration of [a defendant's] sentence." United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023). Since that decision, the Supreme Court held in Fernandez v. United States, 608 U.S. 411 (2026) that a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255. Accordingly, Suber's claim is foreclosed. Suber is also cautioned that a §2255 motion presenting this claim will be dismissed as the matter was already considered and denied and because it would be untimely. See Moore v. United States, 598 F.2d 439, 441 (5th Cir.1979) ("If issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."). See also, United States v. Goudeau, 512 Fed.Appx. 390, 393 (5th Cir. 2013); United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

We turn now to Suber's claim that his motion should be granted because he has been rehabilitated. Claims regarding rehabilitation, particularly wholly unsupported ones like Suber's, do not constitute extraordinary or compelling reasons. See United States v. Martinez, No 23-50418, 2024 WL 658592, at *1 (5th Cir. Feb. 16, 2024) (unreported) ("Even if [the defendant] were reformed, his rehabilitation efforts alone are not an extraordinary and compelling reason for release."); United States v. Handlon, 23-50386, 2024 WL 11787, at *1 (5th Cir. Jan. 10, 2024)

(unreported) ("rehabilitation efforts alone are not extraordinary and compelling reasons for ... release.").

Finally, Suber's claim that a sentence reduction is warranted under 18 U.S.C. § 3553(a) is unpersuasive. Again, there is nothing provided in support of his conclusory allegations. When Suber was sentenced by this court, we found that it was a proper sentence in that it reflected a proper punishment and would deter similar conduct. That sentence was reviewed and affirmed by the Fifth Circuit. We see nothing before us which causes us to change our prior analysis under § 3553(a).

III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Suber's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018" (Doc. 57) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 5th day of November 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**